Gholson, J.
If the intention of the testator, collected upon the face of the will, can be carried into effect according to the principles of law, it is undoubtedly the duty of the court to do- so. The proper course, therefore, will be *to ascertain, if we can, upon the face of the will, the intention of the testator, and if the intention, so ascertained, interferes with no rule of law, our duty will have been discharged.
It is not claimed that we are prohibited, by any technical meaning given to any particular words used by the testator, from regarding all the language and-all the provisions of the will in deciding upon his intention. We are at liberty to look at the whole will and each provision to ascertain the intent, and the only point made has been, that the true intent requires the creation of estates or interests which the law does not permit.
The first provision to which our attention has been directed in view of such a result, is as follows: “And I further declare it to be my will, that upon the death of each of my daughters, and upon the death of my said grandsons, the title of that portion of my lands and stocks, in which each have enjoyed a life estate, shall all descend and pass absolutely, unconditionally, and in fee simple, respectively, to the children of each lawfully begotten of the body of each, or to the children or child lawfully begotten of the body of such child or children.” It is claimed, that the devise over, after the determination of the life estate in the first devisees, is void for uncertainty and repugnancy.
The question turns upon the consideration, whether the words “or to the children or child,” are intended as a designation of persons or person to take at the termination of the life estate, or show an intent that the property is to pass in succession, first to children *251 of the tenants for life, and then to the children of such children. We think the meaning of the testator was this, that upon the death of the tenant for life, the children then living were-to take, and if any child of the tenant for life had predeceased, leaving children or child, such children or child should be substituted to the place of the deceased parent. The persons described under the words “ or to the children or child ^lawfully begotten of the body of such child or children,” are persons designated to take at the termination of the life estate. The words of designation are appropriate, and we have not the difficulty to encounter which has been felt in other cases by the use of words of limitation. This view is, w s think, sustained by authorities. Gittings v. McDermott, 2 My. & K. 69; Jacobs v. Jacobs, 17 Eng. L. & E. 267; Gredlestone v. Doe, 2 Simons, 225; Salisbury v. Petty, 3 Hare, 86.
The testator had undoubtedly a right to provide for persons who might be in being at the time of the death of the tenants for life. He had the right to give the property to the children of such tenants living at the time of their death, though not born at the time the will took effect. In the event of the death of any such childred before the termination of the life estate, leaving children, he had- a right to substitute the latter in the place of their parents. It is not, as appears to be supposed by counsel, a substitution of a remote class of unborn children, but of persons whose parents having died before the termination of the life estate, must, under the designation of the child or children of such parents, be then known and determined.
In immediate connection with the provision which has been examined, is the following:
“ But in default of children lawfully begotten of the bodies of one or both of my said daughters, or of one or both of my said grandsons, the title to that part of my estate of which each or all have enjoyed a life estate, and for which there is no child or grandchild to inherit, shall neither descend nor pass according to any law regulating descents, but shall remain subject to the following contingencies, and to be disposed of in manner and form following, to wit: Should either of my said grandsons die ndthout having heirs lawfully begotten of his body, the survivor, and his heirs lawfully begotten of his body, shall inherit *and possess the portion of the one so dying without such lawful heirs. But if both my said grandsons should die without *252 leaving lawful heirs of their or either of their bodies, then the portion of my estate, given to them as a life estate, shall pass to, and be equally divided between, my said daughters, Mary Ann G-. Boggs and Minerva C. Evans, and their heirs lawfully begotten of their bodies, the same as though no devise had been made to my said grandsons, and upon the same conditions of the devise already made to my said, daughters. Should either of my said daughters die without leaving heirs lawfully begotten of her body, her portion of my estate shall pass and be inherited, one-half thereof by my surviving daughter and the heirs lawfully begotten of her body, and the other half by my said grandsons and the heirs lawfully begotten of their or either of their bodies, upon the same conditions of the devise already made. But should both of my said daughters die without leaving any heir or heirs lawfully begotten of their or either of their bodies, then the one equal half of the portion of my estate that was held by her that last died, at the period of her death, shall pass to, and be inherited by, my said grandsons, Edward O. and Job E. Stevenson, or the survivor of them, and the heirs lawfully begotten of their or either of their bodies, upon the same conditions of the devise already made to them; and the remaining half thereof of the portion of my said daughter that last died, shall pass to, and be inherited by, the children and legal heirs of my deceased brothers, Robert Evans and Daniel Evans, in fee simple, to be divided in equal shares between them, in compliance with the laws of the State of Ohio; an d they, the said children and legal heirs aforesaid, and each of them, shall inherit their several portions of my said estate hereby given, real and personal or mixed, for themselves, their heirs and assigns forever.
“ And in the event of my said two daughters so dying, should both of my said grandsons also die without leaving *an heir or heirs lawfully begotten of their or either of their bodies, then, and in that ease or event, the whole of my estate of which they shall have had the use, possession, and profits of, shall in like manner pass and descend to the children and legal heirs of my two said deceased brothers, Robert Evans and Daniel Evans, and to their and each of their assigns forever.
“I hereby further declare it to be my will and intention that, in the event of the failure of heirs lawfully begotten of the bodies of my said two daughters, and also of my said two grandsons, that affcei the death of my said two daughters and my said two grandsons, *253 the part of my estate of which they have respectively had the uso of a part, shall descend to, and be inherited in fee simple by, the children and legal heirs of my two said deceased brothers, Eobort Evans and Daniel Evans, to themselves, their heirs and assigns forever, to be equally divided between them, agreeably to the laws of descent of the State of Ohio.”
It is claimed that the limitations over to the children and legal heirs of Eobert Evans and Daniel Evans are void for remoteness, being upon an indefinite failure of issue of the first devisees for life. And we are first to inquire, whether the intent of the testator, as shown by the whole will and its several provisions, requires such a construction. We think the construction we have given- to the provision, which was first examined, very clearly shows what failure of issue was in view of the testator. The two provisions are to be taken together, and one qualifies and explains the other.
The testator gives to his daughters and grandsons an estate for life in clear and express terms. He then directs that upon the death of each, the children of each, or in case of the death of children leaving children, the latter shall take absolutely or in fee simple. But “in default of children,” if “there be no child or grandchild to inherit,” *then the property is to be subject to the contingencies which he" provides. In the subsequent provisions occurs the expression, “should die without leaving any heir or heirs lawfully begotten of their or either of their bodies,” upon which the devise to the children and legal heirs of the brothers depends. Now, we think that the provisions which precede this expression show that the heir or heirs lawfully begotten, in view of the testator, were the children or grandchildren, who were to take absolutely or in fee simple upon the death of the tenants for life.
It hás been said to be the result of all the authorities, “ That in such cases as the present, if it be necessary to put a restricted sense upon the words used in the gift over, in order to effectuate the intentions of the testator, as evidenced by other parts of the will, it is competent for the court to do so.” Ellicombe v. Gompertz, 3 My. & Cr. 127, 154. In the same case it is said: “In Ginger dem. White v. White, and Goodright dem. Docking v. Dunham, there were gifts to children of a person named, and gifts over, if that person should die without issue, an expression which was held to mean such issue as above mentioned, that is, children.” Id. 152. And again: “ In Malcolm v. Taylor, the words, ‘ dying without is *254 sue,’ were construed to mean, without such issue as would take under the prior limitation ; Sir John Leach, master of the rolls, saying, ‘that it is a reasonable intendment that a subsequent limitation is meant to take effect upon failure of the prior gift, and as a substitution in that event.’ ” Id. 153; 2 Russ. & Mylne, 416.
The provisions of the will thus construed, show no intention which interferes with any rule of law. ¥e are not called on to examine, as to the effect of limitations being too remote, not finding that there are any such in this case, nor are we called on to determine upon the effect of an attempt to create an estate tail in personal property, finding that the provisions of the will create no such estate.
*It is not necessary for us to declare what will be the rights of parties in contingencies which have not, and which may not happen. As to the claims of the plaintiff, they will be sufficiently answered by a dismissal of his petition.
Brinkerhopp, C. J., and Scott, Sutlipp, and Peck, JJ,, concurred.